IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-196-FL-2
NO. 5:17-CV-43-FL

| | | |
|---|---|---|
| SHANIQUA SHONTA BURRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 157), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 224), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motion to vacate.

## BACKGROUND

On September 7, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three). On January 5, 2011, the court sentenced petitioner to 14 months' imprisonment on count one and a consecutive term of 84 months' imprisonment on count three, producing an aggregate custodial sentence of 98 months' imprisonment.

On January 23, 2017, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that her § 924(c) conviction should be vacated in light of Johnson. On March 6, 2017, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on March 7, 2017. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 25, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Respondent filed the instant motion to dismiss on January 30, 2020. On February 20, 2020, petitioner responded to the motion to dismiss, conceding that Mathis establishes she is not entitled to habeas relief.

## DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

2

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.    Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), her conviction remains valid. See Mathis, 932 F.3d at 263-64.

3

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951,[1] and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

C.     Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

---

[1]     The superseding indictment charged petitioner with possessing a firearm in furtherance of substantive Hobbs Act robbery as charged in count two, which was dismissed at sentencing. (Superseding Indictment (DE 33) at 3; Judgment (DE 81) at 1). Petitioner's § 924(c) conviction, however, does not require conviction on the predicate crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although count two alleged defendant committed both substantive and attempted Hobbs Act robbery, the § 924(c) conviction was based solely on substantive Hobbs Act Robbery. (See Superseding Indictment (DE 33) at 3; Plea Agreement (DE 50-1) at 4-5).

4

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 224), and DENIES petitioner's motion to vacate (DE 157). A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 27th day of October, 2020.

LOUISE W. FLANAGAN
United States District Judge